UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 04-37154-elp11 |
| Roman Catholic Archbishop of Portland in | ) | |
| Oregon, and successors, a corporation sole, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | ORDER |
| | ) | |

HAGGERTY, Chief Judge:

On July 6, 2004, the Roman Catholic Archbishop of Portland in Oregon (Debtor) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing this bankruptcy case. On April 12, 2005, this court granted two Motions to Dismiss the "Precautionary Notice of Appeal" filed by Debtor on January 28, 2005. Currently before the court is Debtor's Motion for Reconsideration and Relief from that Order (Doc. #1045). For the reasons provided below, Debtor's motion is denied.

**BACKGROUND**

On December 20, 2004, Bankruptcy Judge Elizabeth Perris entered an Order Appointing Future Claimants Representative (FCR Appointment Order), in which she

1 – ORDER

appointed David A. Foraker (Foraker) as the Future Claimants Representative (FCR) to represent the interests of certain unknown individuals holding claims against Debtor who will fail to formally assert those claims by the bar date (Future Claimants). The FCR Appointment Order, among other things, also directed the FCR to timely file a proof of claim on behalf of all Future Claimants and stated that "any interested party who objects to the appointment of David A. Foraker as the Future Claimants Representative shall file any such objection with the Court on or before January 20, 2005." FCR Appointment Order at 3. The FCR Appointment Order did not provide for an objection period for any other issue.

On January 28, 2005, Debtor filed a "Precautionary Notice of Appeal" of the FCR Appointment Order, and on February 22, 2005, the FCR elected to have the appeal heard by the district court. On February 23, 2005 and March 1, 2005, the FCR and the Tort Claimants Committee (TCC), respectively, filed motions to dismiss the appeal. On April 12, 2005, this court granted the two motions to dismiss (April 12 Order). Debtor's motion to reconsider the April 12 Order is currently before the court.

## DISCUSSION

Debtor brings this motion to reconsider pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Rule 59 provides that "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). There are four grounds upon which a court may grant a Rule 59(e) motion: (1) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party has presented newly discovered or previously unavailable evidence; (3) it is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citations and internal quotations omitted).

Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)) (internal quotations omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)).

Rule 60 permits relief from a final judgment, order, or proceeding upon a showing of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Here, Debtor does not present any new evidence or argue that there is an intervening change in controlling law. Rather, Debtor argues that this court incorrectly applied the law under 28 U.S.C. § 158 because it failed to find that the FCR Appointment Order was conditional and, therefore, not appealable on the date it was entered. Specifically, Debtor contends that the FCR Appointment Order did not become appealable until January 21, 2005, because it permitted objections to the appointment of Foraker as the FCR until that date.

Debtor also asserts that this court failed to address its argument that the FCR Appointment Order should be analyzed as part of a larger "judicial unit" that would include an order Judge Perris entered on January 3, 2005, entitled "Order (1) Fixing a Bar Date for Filing Proofs of Claim and (2) Approving a Proof of Claim Form, Bar Date Notices, Actual

3 – ORDER

Notice Procedure, and Mailing and Media Notice Program" (Bar Date Order).

These are the same arguments Debtor put forth in its opposition to the motions to dismiss, and which this court rejected. Debtor's reliance on *Litas International, Inc. v. Shapiro*, 316 F.3d 113 (2nd Cir. 2003), is misplaced. In contrast to the order in *Litas*, which was self-executing upon a certain condition being met, the FCR Appointment Order was effective the day it was entered without regard to whether Debtor, or any other party, satisfied a condition precedent. Debtor has failed to show that the April 12 Order contained manifest errors of law or fact. Therefore, Debtor's motion is denied.

## **CONCLUSION**

For the aforementioned reasons, Debtor's Motion for Reconsideration and Relief from Order (Doc. #1045) is DENIED.

IT IS SO ORDERED.

Dated this  8    day of June, 2005.

                                                             /s/Ancer L.Haggerty
                                                             Ancer L. Haggerty
                                                             United States District Judge